UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LINDA STORK, | 11-CV-6210-TC |
| Plaintiff, | |
| v. | ORDER |
| NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; FLAGSTAR BANK, FSB, a Michigan Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation; THE LENDING COMPANY, a dissolved Oregon corporation, | |
| Defendants. | |

COFFIN, Magistrate Judge:

## INTRODUCTION

This is an action for wrongful disclosure. Plaintiff is represented by counsel.

Presently before the court are defendants' motions (#19 and #24) for judgment on the pleadings.

For the reasons stated below, the motions are allowed and this action is dismissed.

Page 1 - ORDER

Standards

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted. " Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but should dismiss unless the complaint contains enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

DISCUSSION

Plaintiff borrowed $360,000 from the Lending Company to buy a home in March 2008. The loan was secured by a Deed of Trust. Plaintiff defaulted on the loan in March of 2010.

Plaintiff then filed this action. She speculated "upon information and belief" that her Promissory Note had been sold multiple times and that Flagstar Bank's alleged failure to record

Page 2 - ORDER

Deed of Trust assignments violated Oregon law.

Contrary to plaintiff's speculation, defendants have demonstrated that the pleadings and documents subject to judicial notice show that Flagstar holds the note, there was no impropriety in any assignments related to this action or the recording of such, and that Flagstar has the right to foreclose. Defendants' Memo (#20) in support of its motion is detailed. It sets forth factual support, persuasive legal argument, and persuasive "even if" arguments in the alternative. Plaintiff failed to address much of defendants' Memo and what he did submit was not persuasive, as demonstrated in detail by defendants. See Response (#21) and Reply (#28). Plaintiff's submissions and argument at a hearing on this matter do not persuasively refute defendants' demonstration that plaintiff has failed to meet the requirements for pleading a federal claim.

Because plaintiff's allegations have not gone beyond an unadorned, the-defendant-unlawfully-harmed-me accusation and the complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face and allow this court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the complaint does not survive the motions and this action is dismissed.

## CONCLUSION

Defendants' motions (#19 and #24) to for judgment on the pleadings are allowed and this action is dismissed with prejudice.

DATED this 9th day of February, 2012.

THOMAS M. COFFIN
United States Magistrate Judge

Page 3 - ORDER